THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for The Official Committee of
Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GREEN JANE, INC.,<br><br>Debtor. | CASE NO.: 2:17-bk-12677-ER<br><br>Chapter 11<br><br>Date:     May 16, 2017<br>Time:     11:00 a.m.<br>Courtroom: 1568<br>   255 E. Temple Street<br>   Los Angeles, CA 90012 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
RESPONSE TO TENTATIVE RULING FOR MAY 16 HEARING**

The Official Committee of Unsecured Creditors (the "Committee") in the above-referenced case hereby responds to the Court's tentative ruling for matters set for hearing on May 16, 2017 ("Tentative Ruling") as follows:

Since the Committee filed its Response to the Motion Under 11 U.S.C. § 1112(b)(1) to Convert, Dismiss or Appoint a Chapter 11 Trustee With an Order Directing Payment of Quarterly Fees and for Judgment Thereon [Dkt. No. 42] ("Response"), the Committee reviewed an unsigned agreement ("Merger Agreement") with respect to the merger transaction between BevTech, Inc. dba GreenCO2Systems ("BevTech") and Green Jane, Inc. (the "Debtor"). The Committee did not know about the Merger Agreement at the time the Committee filed its Response. As discussed in more detail below, the Committee believes, based on the Merger

Agreement, that the claims asserted in the state court litigation likely are subject to subordination pursuant to Bankruptcy Code section 510(b). The Committee files this document so the Court and all parties are aware of this new information prior to the hearing on May 16.

BevTech has characterized the state court litigation, *BevTech, Inc., et al. v. Green Jane, Inc., et al.*, Colorado District Court, Larimer (Ft. Collins) County, Case No. 2015CV31002e ("State Court Action") as "one in which BevTech sued the Debtor as well as its officers and subsidiaries [] for fraud concerning a business contract that fell apart in 2015." Motion to Dismiss Case for Improper Venue or Transfer to Another District [Dkt. No. 24] at 3:9-10. However, based on the Merger Agreement, the contract at issue in the State Court Action is a merger agreement involving the shareholders of BevTech receiving an equity interest in the Debtor. Because copies of the pleadings in the State Court Action are not available online, on Friday, May 12, the Committee asked BevTech's bankruptcy counsel to provide it with copies of the pleadings in the Colorado state court litigation as soon as possible. To date, the Committee has not received any such pleadings.

On May 12, the Committee also informed the Office of the United States Trustee of the possibility that BevTech's claims likely were subject to subordination under Bankruptcy Code section 510(b). Based on the Merger Agreement, the Committee believes the structure of the transaction that is the basis for the State Court Action is as follows:

(1) A Special Purpose LLC was created into which the Debtor contributed 500,000 shares of the Debtor's stock.

(2) The Debtor's stock in the Special Purpose LLC was distributed to BevTech shareholders.

(3) The Special Purpose LLC was to merge into BevTech, with BevTech being the surviving entity.

(4) BevTech was to cancel all outstanding stock and issue new shares of stock such that former BevTech shareholders received 20% of the new BevTech stock and the Debtor received 80% of the new BevTech stock.

The Committee believes that any claims of BevTech arising out of this transaction are subject to

subordination under Bankruptcy Code section 510(b) under applicable case law. Dismissal of this bankruptcy case with a 180-day refilling bar likely would cause BevTech's subordinated 510(b) claim to leapfrog over the claims of general unsecured creditors. The Committee believes such a result is not in the best interests of creditors under section 1112(b).

Under Ninth Circuit authority, claims arising out of a merger with the Debtor's subsidiary are subject to subordination under section 510(b). *In re THC Financial Corp*, 679 F.2d 784 (9th Cir. 1982) (damage claims of sole shareholders of a corporation that merged with a subsidiary of the Debtor in return for shares of stock in a wholly-owned subsidiary of the Debtor were subordinated to general unsecured creditors under section 510(b)). This is so even if the merger was not fully consummated. *American Broadcasting Systems, Inc. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823 (9th Cir. 2000) (breach of contract, declaratory relief, rescission and damage claims against debtor subordinated under section 510(b) even though the merger agreement had never closed). Recently, the Ninth Circuit held that a fraud claim based on claimant's investment in an affiliate of the debtor was subordinated under section 510(b)). *Litigation Turst Committee of the Del Biaggio Liquidating Trust v. Freeman (In re Del Biaggio)*, 834 F.3d 1003 (9th Cir. 2016).

Post-merger damage claims are also subject to subordination under section 510(b). *In re Kaiser Group, International, Inc.*, 260 B.R. 684 (Bankr. D. Del. 2001), *aff'd*, 2001 U.S. Dist. LEXIS 25574 (Nov. 29, 2001). In addition, damages from a non-compete agreement that was part of a merger transaction in which the claimant exchanged all of the stock in his corporation for stock of the debtors were subject to subordination under section 510(b). *In re Peregrine Systems, Inc.*, 2004 Bankr. LEXIS 346 (Bankr. D. De. Mar. 30, 2004).

The Committee has not yet been able to review the relevant pleadings in the State Court Action. However, based on information obtained to date, any such causes of action arise out of the Merger Agreement by which BevTech obtained equity in the Debtor and/or the Debtor's subsidiary. Based on the relevant case law, the Committee believes that BevTech's claims are subject to subordination to any claims of the Debtor's general unsecured creditors pursuant to 510(b). The Court did not consider this possibility when analyzing the case in its Tentative

Ruling. The Committee believes this is an important factor for the Court to consider in its analysis of whether dismissal, conversion or the appointment of a Chapter 11 trustee is in the best interests of creditors under Bankruptcy Code section 1112(b).

Dated: May 15, 2017

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP

By: */s/ Thomas A. Willoughby*
    THOMAS A. WILLOUGHBY
    Proposed Attorneys for the Official
    Committee of Unsecured Creditors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
400 Capitol Mall, Suite 1750, Sacramento, CA 95814

A true and correct copy of the foregoing document entitled (*specify*): OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO TENTATIVE RULING FOR MAY 16 HEARING
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/16/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached List

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/16/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
hatty.yip@usdoj.gov; ustpregion16.la.ecf@usdoj.gov; pstillman@stillmanassociates.com; info@gomezsimonebk.com; jboyer@gomezsimonelaw.com; breyes@gomezsimonelaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/16/2017 | Lori N. Lasley | /s/ Lori N. Lasley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**